CAROLINE BENGSTON, RESPONDENT, *v.* THINGVALLA STEAMSHIP COMPANY, APPELLANT.

*Pleadings — allegation that the defendant is a corporation — what averments in the answer do not raise an issue as to this fact — Code of Civil Procedure, sec. 1776.*

The plaintiff alleged in the complaint in this action, " that the defendant is, and was at the times herafter mentioned, a foreign corporation created by and under the laws of the government of Denmark, and having an office in the city of New York, and at the times hereinafter mentioned was, and now is, a common carrier of passengers and their baggage for hire." The defendant appeared by the name by which it was sued, and in its answer denied " on its

information and belief, that at the time mentioned in the complaint, or at any other time, *the defendant was a foreign corporation, as is alleged in the complaint,* and defendant denied that it has an office in the city of New York, and further answering the defendant admits that it is a common carrier of passengers." For a second and separate defense it alleged " on information and belief that it is not and never was a corporation."

*Held,* that the answer did not contain such " *an affirmative allegation,*" that the defendant was not a corporation, as is required by section 1776 of the Code of Civil Procedure to compel the plaintiff to prove the fact of its corporate existence.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the value of a trunk and its contents which were received by the defendant at Malmo, Sweden, to be delivered in New York.

The complaint alleged among other things : " First. That the defendant is, and was at the times hereinafter mentioned, a foreign corporation created by and under the laws of the government of Denmark, and having an office in the city of New York, and at the times hereinafter mentioned was, and now is a common carrier of passengers and their baggage for hire."

The answer alleged, among other things : " First. The defendant denies on its information and belief that at the time mentioned in the complaint, or at any other time, the defendant was a foreign corporation, as is alleged in the complaint, and defendant denies that it has an office in the city of New York. And further answering the defendant admits that it is a common carrier of passengers. * * * Second. For a second and separate defense, the defendant alleges on information and belief that it is not, and never was a corporation."

The court below held that the answer did not put in issue the corporate existence of the defendant, and that the plaintiff was not bound to prove that fact.

*J. A. Shoudy,* for the appellant.

*J. Edward Swanstrom,* for the respondent.

BARNARD, P. J.:

There was no issue made by the answer which required the plaintiff to prove the corporate existence of the defendant. The complaint averred that the defendant was a foreign corporation, incorporated under the laws of the kingdom of Denmark, and was a common carrier of passengers. The defendant appears in its own name, which apparently is a corporate name, and admits that "it is a common carrier of passengers," but "denies, on its information and belief, that at the time mentioned in the complaint, or at any other time, the defendant was a foreign corporation *as is alleged in the complaint.*" The denial, such as it is, is not absolute, but upon information and belief, and especially fails to meet the real allegation. Was it a corporation under the laws of Denmark or of any other nation? If Swedish, the allegation in the complaint that it was Danish would be of no relevancy. The denial is so framed that the defendant can be either a foreign or domestic corporation, formed in any country except Denmark. The only issue made is one of nationality of the corporation. The Code (§ 1776) requires an affirmative denial of the fact that the defendant is a corporation. The judgment is therefore right, and should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.